IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JOSEPH GARWOOD,

    Plaintiff,

vs.                                Case No. 4:08cv235-SPM/WCS

WILLIAM MILLER,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a third amended complaint. Doc. 10. Although Plaintiff was ordered to submit this document on court forms as is required by all *pro se* litigants in this Court, *see* N.D. Fla. Loc. R. 5.1(H), doc. 9, and he failed to do so, Plaintiff's third amended complaint has been reviewed.

Plaintiff is an attorney who was licensed to practice law in the state of Florida. Doc. 10. Plaintiff's license has been suspended by the Florida Supreme Court. Plaintiff proceeds *pro se* in this case. *Id.*

Plaintiff alleges that he had been retained to represent Michael Hauck, R.N. in proceedings before the Florida Department of Health.  Doc. 10.  Plaintiff contends that on October 26, 2007, he filed a notice of appearance and, thereafter, discussed the case with Defendant William Miller, an attorney for the Department of Health.  *Id.*  Defendant Miller suggested to Plaintiff that he might "return the case to the probable cause panel of the Florida Board of Nursing for reconsideration."  *Id.*  However, in January, 2008, the client (Mr. Hauck) received a final order from the Department "indicating that the matter was presented to the Board of Nursing as if it was a default, and without notice of the hearing being sent to either" Plaintiff or the client.  *Id.*  When Plaintiff filed a notice of appeal, it was dismissed as untimely.  *Id.*  Plaintiff contends it was untimely because the final order was not served until seventeen days after it was entered and, in addition, not sent to Plaintiff.  *Id.*

The third amended complaint advises that the client, Mr. Hauck's license to practice nursing was suspended.  Doc. 10, p. 2.  However, the allegations further indicate that Mr. Hauck was given an opportunity to present "his side of the story with regards to the Administrative Complaint filed against him by the Department of Health."  *Id.*  Thereafter, Mr. Hauck was advised that the Department dismissed the Administrative Complaint filed against him and, instead, issued "a letter of concern, which would not be considered discipline."  *Id.*

Plaintiff alleges that his "initial pleadings" before the Department of Health were removed, but Plaintiff does not allege that the Defendant was responsible for removing the pleadings or had any involvement in the final order being sent, but not to Plaintiff.

Plaintiff then asserts that Defendant Miller "violated Plaintiff's right to Equal protection of the Law and Due Process of Law by disposing of Plaintiff's Notice of Appearance as counsel of record in" the case before the Department of Health. *Id.*, at 3. Plaintiff contends he was damaged by having to file a notice of appeal which was dismissed as untimely by the First District Court of Appeal. *Id.* Plaintiff contends his reputation as an attorney was harmed by that act. *Id.*

Plaintiff provides no factual allegations to show that Defendant Miller violated Plaintiff's equal protection rights. There are no allegations revealing that Plaintiff was intentionally treated differently than other attorneys and that the basis for the different treatment was due to intentional discrimination because of Plaintiff's protected class.

To establish an Equal Protection Clause violation under the Fourteenth Amendment, a plaintiff must show that a challenged action "had a discriminatory purpose" or intent. Burton v. City of Belle Glade, 178 F.3d 1175, 1189 (11th Cir. 1999), *citing* Reno v. Bossier Parish Sch. Bd., 520 U.S. 471, 481, 117 S.Ct. 1491, 137 L.Ed.2d 730 (1997); Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); Washington v. Davis, 426 U.S. 229, 241-42, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Plaintiff's allegations present no discriminatory intent and it is unknown whether Plaintiff contends he was discriminated against because he is male, because of his age, because of his race, or some other protected basis. This case is not supported by the required facts and, considering this is the third amended complaint, no further opportunities should be provided for Plaintiff to correct

this mistake.  That is especially true because this deficiency was previously pointed out to Plaintiff, a former attorney.  This claim is insufficient on its face and should dismissed.

Another reason to dismiss the equal protection claim is that "the essence of the equal protection requirement is that the state treat all those similarly situated similarly," Zeigler v. Jackson, 638 F.2d 776, 779 (5th Cir. Unit B, 1981), and essential to the claim is a showing that some other group was similarly situated but treated differently.  *E.g.* Fuller v. Georgia State Board of Pardons and Paroles, 851 F.2d 1307 (11th Cir. 1988); Damiano v. Florida Parole and Probation Com'n, 785 F.2d 929, 932 (11th Cir. 1986). *Cf*. McCleskey v. Kemp, 481 U.S. 279, 107 S. Ct. 1756, L. Ed. 2d 262 (1987).  Plaintiff provides no allegations which show that similarly situated attorneys were treated differently.  The equal protection claim fails and must be dismissed.

Moreover, Plaintiff still fails to provide factual allegations which support finding that *his* due process rights were violated.  When the Department of Health entered a final order which dismissed the case in which Plaintiff was representing Mr. Hauck, that may have caused injury to Mr. Hauck, but not to Plaintiff.  Any injury has now been rectified by the Department as alleged by Plaintiff.  Plaintiff's allegation of injury to himself because his reputation was harmed and he was embarrassed before his client in violation of due process is frivolous.  "Essentially, a plaintiff claiming a deprivation based on defamation by the government must establish the fact of the defamation 'plus' the violation of some more tangible interest before the plaintiff is entitled to invoke the procedural protections of the Due Process Clause." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1302 (11th Cir. 2001), *citing*, Paul v. Davis, 424 U.S. 693, 694,

96 S.Ct. 1155, 1157, 47 L.Ed.2d 405 (1976).   Further, since Plaintiff has been suspended by the Florida Supreme Court for matters unrelated to Plaintiff's representation of Mr. Hauck, the injury to Plaintiff's reputation in not succeeding in his defense of Mr. Hauck is speculative.[1]

Plaintiff has not shown injury to himself, nor has he adequately alleged any violation of his own equal protection or due process rights.  The event at issue appear to be, at most, negligence if the Notice of Appearance was never received or discarded accidentally, and the State of Florida provides full due process in that forum to rectify such errors.  Even *if* it were an intentional act, there is no harm to Plaintiff.  The client was provided an opportunity to explain what happened, and relief was provided.

Accordingly, it is **RECOMMENDED** that Plaintiff's third amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 29, 2008.


    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] At the time of the events at issue, Plaintiff was an attorney licensed to practice law in the State of Florida.  Plaintiff acknowledges that at some unspecified time *after* he attempted to file the notice of appearance, he was suspended by the Florida Supreme Court.  Judicial notice is taken that Plaintiff's suspension by the Florida Supreme Court became "effective thirty days from the date of" the court's order.  The Florida Bar v. Garwood, 2008 WL 2081311, 1 (Fla., 2008) Case No. SC08-838.  The order was entered on May 6, 2008.  *Id.*  Plaintiff was convicted of committing a third degree felony in December, 2007.

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**